IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DEBORAH DECOSTRO, ESQ., in her capacity as Administratix of the Estate of Ryeley E. Beatty, deceased and in her capacity as Administratix of the Estate of Brooklyn N. Beatty, deceased, | ) ) ) ) ) ) | Civil Action No. 15-272 |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| BABY CACHE, INC., a corporation, TOYS "R" US, INC., a corporation, BABIES "R" US, INC., a wholly owned corporate subsidiary of TOYS "R" US, INC. and MICHAEL BLAIN, an adult individual, | ) ) ) ) ) ) ) | United States Magistrate Judge Cynthia Reed Eddy |
| Defendants. | ) | |

# MEMORANDUM OPINION[1]

Pending before the Court is Plaintiffs' motion to remand pursuant to 28 U.S.C. § 1447(c). (ECF No. 8). For the reasons that follow, said motion will be granted.[2]

## I.   PROCEDURAL BACKGROUND

The above-captioned matter was originally initiated in the Court of Common Pleas of Beaver County, Pennsylvania. Plaintiffs seek damages in connection with the asphyxiation deaths of two year old Brooklyn Beatty and three year old Ryeley Beatty ("Decedents"), which

---

[1] By consent of the parties, (ECF Nos. 25, 26, 28), and pursuant to 28 U.S.C. § 636(c), the undersigned has full "authority over dispositive motions" and the authority to enter "final judgment, all without district court review." *Roell v. Withrow*, 538 U.S. 580, 585 (2003); *In re Search of Scranton Hous. Auth.*, 487 F.Supp.2d 530, 535 (M.D. Pa. 2007).

[2] Also before the Court are two motions to dismiss filed by the Defendants. (ECF Nos. 3, 15). However, because Plaintiff's motion to remand for lack of subject matter jurisdiction is granted, the Court will deny these motions to dismiss as moot via separate order.

occurred when a dresser manufactured and/or sold by the above Defendants tipped over on the Decedents.

On February 26, 2015, Defendants Toys "R" Us, Babies "R" Us, and Blain filed a notice of removal to this court. (ECF No. 1). Although Plaintiffs and Defendant Blain are both alleged to be citizens of Pennsylvania, Defendants nonetheless assert that the court has diversity jurisdiction under 28 U.S.C. § 1332. Defendants claim that Blain's inclusion in this lawsuit constitutes a fraudulent joinder, solely for purposes of defeating diversity jurisdiction, and that absent Blain's inclusion, the parties have complete diversity of citizenship. The claims asserted against Blain are pursuant to Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 P.S. § 201-1 et. seq. Defendants contend that Plaintiff DeCostro has no standing to bring such claims against Blain because Decostro was not the purchaser of the dresser and the general allegations in the complaint do not state a colorable claim under the UTPCPL.

Plaintiffs filed the present motion to remand for lack of subject matter jurisdiction on March 17, 2015, (ECF No. 8), contending that Blain is a proper party to this action and was not fraudulently joined for purposes of defeating diversity jurisdiction. Defendants have responded to said motion. (ECF Nos. 20-23, 27). On April 9, 2015, Plaintiff filed a reply brief. (ECF No. 24). Accordingly, the motion has been fully briefed and is ripe for disposition.

## II. STANDARD OF REVIEW

In accordance with 28 U.S.C. § 1441(a), "[a] civil action brought in state court may be removed by the defendant to federal district court if the federal court would have had original jurisdiction over the claim. *Johnson v. SmithKline Beecham Corp.,* 724 F.3d 337, 346 (3d Cir. 2013). District courts have original jurisdiction when diversity of citizenship is present. 28

U.S.C. § 1332(a). For diversity jurisdiction to exist, no plaintiff may be a citizen of the same state as any of the defendants. *Grand Union Supermarkets of the Virgin Islands, Inc. v. H.E. Lockhart Mgmt., Inc.,* 316 F.3d 408, 410 (3d Cir. 2003) (quoting *Carden v. Arkoma Assocs.,* 494 U.S. 185, 187 (1990)). When the matter is removed from state court to federal court, the removing party generally must establish that diversity jurisdiction existed both when the complaint was filed and at the time of removal. *Johnson*, 724 F.3d at 346.

However, "[t]he doctrine of fraudulent joinder represents an exception to the requirement that removal be predicated solely upon complete diversity." *In re Briscoe*, 448 F.3d 201, 215-216 (3d Cir. 2006). "In a suit with named defendants who are not of diverse citizenship from the plaintiff, the diverse defendant may still remove the action if it can establish that the non-diverse defendants were 'fraudulently' named or joined solely to defeat diversity jurisdiction." *Id.* at 216. But if the district court determines that it lacks subject-matter jurisdiction because the joinder was not fraudulent, the matter must be remanded to state court. *Id.*; 28 U.S.C. § 1447(c). "Upon a motion to remand, it is the removing party's burden to establish the existence of federal jurisdiction, and all doubts must be resolved in favor of remand." *Miller v. Liberty Mut. Group*, 97 F.Supp.2d 672, 674 (W.D.Pa. 2000) (citing *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992)). Given this standard, the removing party carries a "heavy burden of persuasion" in establishing fraudulent joinder. *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992).

### III. DISCUSSION

In *Batoff*, the court of appeals provided the following analysis with respect to fraudulent joinder:

> Joinder is fraudulent where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in

> good faith to prosecute the action against the defendants or seek a joint judgment. But, if there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court. Furthermore, we recently have held that where there are colorable claims or defenses asserted against or by diverse and non-diverse defendants alike, the court may not find that the non-diverse parties were fraudulently joined based on its view of the merits of those claims or defenses.

*Batoff*, 977 F.2d at 851-852 (internal citations and marks/punctuation omitted). In other words, the court need only assess whether the plaintiff's claims are "wholly insubstantial or frivolous." *Id.* at 852; *see also Horne v. Progressive Advanced Ins.Co.*, 2015 WL 1875970, *1 (E.D. Pa. April 24, 2015).

Defendants here have failed to meet their heavy burden of persuasion in establishing that joinder of Defendant Blain was fraudulent. In their notice of removal, Defendants assert that Plaintiff DeCostro does not have standing to pursue the claims against Blain under the UTPCPL because DeCostro was not a "purchaser" of the dresser. (ECF No. 1 ¶¶ 13-14). Defendants also contend that Plaintiff's general allegations fail to set forth a reasonable basis in fact or colorable ground supporting the claims against Blain. (*Id.* at ¶ 15).

Plaintiffs counter that Defendants' notice of removal improperly go the merits of the claim, which the court may not consider. Additionally, Plaintiff DeCostro asserts that she is bringing this claim in a representative capacity only on behalf of the interests of the minor Decedents as required by Pa.R.C.P. 2027 and 2201. Therefore, Plaintiff DeCostro argues that "it is not her standing but rather that of the Minor Decedents' which give rise to the UTPCPL claim." (Pl.s' Br. in Supp. at 6-7, ECF No. 9). Further, Plaintiff DeCostro asserts that the UTPCPL is to be liberally construed and that "[i]f the legislature intended to exclude children and estates from protection under the UTPCPL they could and would have done so directly." (Pl.'s Reply Br. at 3, ECF No. 24).

4

Plaintiff DeCostro's brief in support of the motion to remand provides the following:

> As set forth in the Complaint, Plaintiffs' Decedents' mother and grandmother purchased the subject dresser for use by the Decedent Minors, who, as minors at the time of said purchase, were legally incapable of making this purchase themselves. In that this consumer transaction involved a purchase of children's furniture which was specifically for use by the Minor Decedents, the Minor Decedents were specifically intended to rely upon the misrepresentations and improper conduct that led to that purchase and their reliance was specially and specifically foreseeable, therefore standing exists to pursue this UTPCPL claim on their behalf. Valley Forge, supra.
>
> Plaintiffs have alleged affirmative conduct on the part of Defendant Blain that sufficiently supports a claim of malfeasance which is actionable under the UTPCPL. The instant Complaint, among other conduct, alleges that Defendant Blain withheld the fact that the subject dresser was unsafe and posed a tip-over hazard and that appropriate anchoring devices were necessary to prevent said risk/hazard It is further alleged that that in withholding this information, Defendant Blain misrepresented the condition of the subject dresser as meeting all applicable safety standards thereby through deceptive means inducing the Minor Decedents' mother and grandmother into purchasing the subject dresser for them. Additionally it is alleged that Defendant Blain sold the dresser at a reduced price as a floor model when in fact the price had been reduced because the dresser lacked appropriate labels, warnings, and anchoring devices. Complaint ¶55 and ¶64.
>
> ***
>
> … It is further alleged that the mother and grandmother of the Plaintiffs' Decedents purchased the subject dresser for them as a result of and in justifiable reliance upon Defendant Blain's improper conduct, and that as a consequence, the Minor Decedents sustained fatal injuries and ascertainable losses under the Wrongful Death and Survival Statutes. Complaint ¶56, 58, 65 and ¶67.
>
> The Complaint alleges Defendant Blain deliberately engaged in the nondisclosure of material facts relating to the safety of the dresser at issue and misrepresented the reason for the price reduction of the dresser. This wrongful and deceitful conduct alleged as to Defendant Blain constitutes culpable misrepresentation and falls squarely within the unfair business practices prohibited by the UTPCPL. The misrepresentations alleged against Defendant Blain relate to materials [sic] facts regarding the safety of the dresser at issue and were justifiably relied upon in making the purchase as his conduct misrepresented that the dresser met all applicable safety standards. Any further consideration of the allegations would constitute consideration of the merits of the claim, an inappropriate inquiry in a request for remand.
>
> Based on the foregoing, the Complaint properly alleges that the Plaintiffs' Decedents were consumers of goods purchased on their behalf and specifically for

them for their personal and household use, and that Defendant Blain has engaged in unfair and deceitful conduct in making that sale, in violation of the UTPCPL. In that Plaintiffs have properly alleged a colorable claim under the UTPCPL against Defendant Blain, a Pennsylvania citizen, the Defendants have failed to meet their burden of establishing federal jurisdiction based upon diversity.

(Pl.s' Br. in Supp at 7-9, ECF No. 9).

In Defendants' brief in opposition, the court notes that the issue presented by Defendants is "Whether Plaintiff has failed to set forth a *viable* claim of breach of [UTPCPL] against Michael Blain (former Assistant Store Manager)." (Def.s' Br. in Opp'n at 5, ECF No. 21) (emphasis added). But this states the incorrect standard. When conducting a fraudulent joinder analysis, the court does not assess whether there is a "viable" claim; rather, as outlined in *Batoff, supra*, the court analyzes whether the plaintiff has stated a colorable claim, i.e., one that is not wholly insubstantial or frivolous. 977 F.2d at 851-852; *see also Horne*, 2015 WL 1875970, at *1 ("However, the court's inquiry with respect to a claim of fraudulent joinder is less searching than that on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) … Thus, assessing the merits of a claim is beyond the task evaluating subject matter jurisdiction.") (citations omitted).

The court finds that Defendants have failed to meet their heavy burden in establishing that the complaint does not state a colorable claim against Defendant Blain. Defendants do not cite any case law holding that a representative of minor decedents may not bring a UTPCPL claim solely as a legal representative of the minor decedents' estates. As discussed above, the complaint alleges that the dresser was purchased on behalf of the minor decedents and in justifiable reliance of the alleged misrepresentations made by Blain. The minor decedents' were incapable of purchasing this equipment for themselves at the time of the sale and Plaintiff DeCostro is bringing this action on their behalf solely in a representative capacity. Defendants

6

have not established that in such a situation, a representative of minor decedents cannot bring a claim under the UTPCPL on their behalf or that the justifiable reliance element is wholly insubstantial or frivolous. Indeed, "determining whether Plaintiff adequately states justifiable reliance [under the UTPCPL] would necessarily require an assessment of the claim's merits, which we may not do." *Horne*, 2015 WL 1875970, at *2.

Accordingly, the court finds that Blain was not fraudulently joined in this matter. Whether Plaintiffs have stated a claim against Blain for violation of the UTPCPL is not for this court to decide, as the court finds that it lacks subject matter jurisdiction to make such a determination. Accordingly, the matter is remanded to the Court of Common Pleas of Beaver County, Pennsylvania.

## IV. CONCLUSION

Based on the above, Plaintiffs' motion to remand to the Court of Common Pleas of Beaver County, Pennsylvania (ECF No. 8) is granted. An appropriate Order follows.

Dated: May 6, 2015.

By the Court:

s/ Cynthia Reed Eddy
Cynthia Reed Eddy
United States Magistrate Judge

cc: all registered counsel via CM-ECF

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DEBORAH DECOSTRO, ESQ., in her capacity as Administratix of the Estate of Ryeley E. Beatty, deceased and in her capacity as Administratix of the Estate of Brooklyn N. Beatty, deceased, | ) ) ) ) ) ) | Civil Action No. 15-272 |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| BABY CACHE, INC., a corporation, TOYS "R" US, INC., a corporation, BABIES "R" US, INC., a wholly owned corporate subsidiary of TOYS "R" US, INC. and MICHAEL BLAIN, an adult individual, | ) ) ) ) ) ) ) | United States Magistrate Judge Cynthia Reed Eddy |
| Defendants. | ) | |

**ORDER**

**AND NOW**, this 6th day of May, 2015, in accordance with the foregoing Memorandum Opinion, **IT IS HEREBY ORDERED THAT** Plaintiffs' Motion to Remand to the Court of Common Pleas of Beaver County, Pennsylvania (ECF No. 8) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mark this case **CLOSED**.

By the Court:

s/ Cynthia Reed Eddy
Cynthia Reed Eddy
United States Magistrate Judge

cc: all registered counsel via CM-ECF